Galvin B. Kennedy (Will file for for *pro hac vice* admission)
gkennedy@kennedyhodges.com
KENNEDY HODGES, LLP
Texas State Bar No. 00796870
4409 Montrose Blvd., Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS**

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KWEN BRENNAN, Individually and on behalf of all others similarly situated,<br><br>v.<br><br>NEW 4125 LLC d/b/a SCORES PHOENIX, 4125 LLC, CHEETAH OPERATIONS, LLC, and MICHAEL TARASKA, Individually,<br><br>Defendants. | Case No. _____<br><br>**PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff Kwen Brennan, on behalf of herself and on behalf of all others similarly situated, allege as follows:

## I.   SUMMARY

1.   NEW 4125 LLC d/b/a SCORES PHOENIX, 4125 LLC, CHEETAH OPERATIONS, LLC, and MICHAEL T. TARASKA, individually, (hereinafter "Defendants") required and/or permitted Kwen Brennan (hereinafter "Plaintiff") to work as an exotic dancer at its adult entertainment club in excess of forty hours per week, but refused to compensate her at the applicable minimum wage and overtime rates.  In fact, Defendants refused to compensate Plaintiff whatsoever for any hours worked.  Plaintiff's only compensation was in the form of tips from club patrons.  Moreover, Plaintiff was required to divide her tips with Defendants and other employees who do not customarily receive tips. Defendants misclassifies dancers as independent contractors.  Therefore, Defendants have failed to compensate Plaintiff at the federally-mandated minimum wage rate.

2.   Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

3.   Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision.  *See* 29 U.S.C. § 206.

4.   Plaintiff brings a collective action to recover the unpaid overtime compensation and minimum wage owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

5.   Additionally, Defendants' failure to compensate Plaintiff and all other non-exempt employees at a rate equal to or in excess of Arizona's required minimum wage violates the Arizona Wage Act, ARIZ. REV. STAT. ANN. § 23-350, *et seq*., and the Arizona Minimum Wage Act, ARIZ. REV. STAT. ANN. § 23-363, *et seq*.  Plaintiff, therefore, brings

a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws.  Members of the Rule 23 Class Action are hereinafter referred to as the "Arizona Class Members."

## II.    SUBJECT MATTER JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.    This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

8.    Venue is proper in the District of Arizona because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## III.    PARTIES AND PERSONAL JURISDICTION

9.    Plaintiff KWEN BRENNAN is an individual residing in Boulder, Colorado. Her consent to this action is attached hereto as Exhibit A.

10.    Putative opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and have filed a valid consent to join this suit with the Court.

11.    The FLSA Class Members and Arizona Class Members are all current and former exotic dancers who worked at Defendants' adult entertainment club at any time starting three years before this Complaint was filed, up to the present.

12.    NEW 4125 LLC, is a domestic for-profit company doing business in Phoenix, Arizona.  This Defendant may be served with process by serving its registered agent: Peter Homenick, 4125 North 7th Street, Phoenix, Arizona 85014.

13.    4125 LLC is a domestic for-profit company doing business in Phoenix, Arizona. This Defendant may be served with process by serving its registered agent: Peter Homenick, 4125 North 7th Street, Phoenix, Arizona 85014.

14. CHEETAH OPERATIONS, LLC is a domestic for-profit company doing business in Phoenix, Arizona. This Defendant may be served with process by serving its registered agent: Peter D. Homenick, 4125 North 7th Street, Phoenix, Arizona 85014.

15. Defendant MICHAEL TARASKA is an individual who resides in Illinois. He is an owner of the corporate Defendants. He may be served with process individually at his usual place of business and Defendants' corporate office: 4125 North 7th Street, Phoenix, Arizona 85014.

16. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the State of Arizona and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

17. Defendants have and continue to have systematic contacts with the State of Arizona sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Arizona by operating a club in Phoenix, Arizona. Defendants also employ workers and contract with residents and business in Arizona.

18. This cause of action arose from or relates to the contacts of Defendants with Arizona residents, thereby conferring specific jurisdiction over Defendants.

## IV.   FLSA COVERAGE

19. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

20. At all material times, Defendants have been an employer within the meaning of ARIZ. REV. STAT. ANN. § 23-350(3) and ARIZ. REV. STAT. ANN. § 23-362(B).

21. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

22.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

23.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

24.     At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

25.     At all material times, Plaintiff and the Arizona Class Members were employees of Defendants within the meaning of ARIZ. REV. STAT. ANN. § 23-350(2) and ARIZ. REV. STAT. ANN. § 23-362(A).

26.     Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

27.     Defendant MICHAEL TARASKA is the owner of the corporate Defendants d/b/a Scores Phoenix. Defendant TARASKA is involved in the day-to-day business operations of the corporate Defendants. As the owner of Scores Phoenix, Defendant TARASKA employed the Plaintiff, FLSA Class Members, and Arizona Class Members as employees who danced for and entertained customers.

28.     Defendant TARASKA has the authority to hire and fire employees, the authority to direct and supervise work of the employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

29.     Defendant TARASKA controlled the nature, pay structure, and employment relationship of Plaintiff, FLSA Class Members, and Arizona Class Members.

30.     As such, pursuant to 29 U.S.C. § 203(d), ARIZ. REV. STAT. ANN. §23-350(3) and ARIZ. REV. STATE. ANN. § 23-362(B), Defendant TARASKA acted directly or indirectly in the interest of Plaintiff's, FLSA Class Members', and Arizona Class Members' employment as their employer, which makes him individually liable under the FLSA and Arizona State Law.

## V.     FACTS

31.     Defendants operate an adult entertainment club in Phoenix, Arizona under the name of "Scores Phoenix Gentlemen's Club."

32.     Defendants employ exotic dancers.

33.     Plaintiff is employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period.

34.     Plaintiff worked on a regular basis for Defendants' gentlemen establishment located in Phoenix.

35.     Plaintiff was compensated exclusively through tips from Defendants' customers.  That is, Defendants did not pay Plaintiff whatsoever for any hours worked at its establishment.

36.     Furthermore, Defendants charged Plaintiff a "house fee" per shift worked. Defendants also required Plaintiff to share their tips with other non-service employees who do not customarily receive tips, including the disc jockeys and the bouncers.

37.     Finally, Defendants encourage their customers to tip dancers using "Dance Dollars" rather than cash.  Under this system, customers purchase Dance Dollars from the club using their credit cards.  Customers then redeem the Dance Dollars for dances with Plaintiff and putative Class Members.  When Plaintiff, FLSA Class Members, and Arizona Class Members turn in the certificates to the clubs for cash, Defendants do not return the full value to them, but instead retain a portion of the tips.  This resulted in Defendants taking a portion of the tips that should have been paid to the dancers.  This portion grossly exceeds the fee paid by the club as a merchant fee to the credit card companies.

38.     Plaintiff, FLSA Class Members, and Arizona Class Members received tips

and/or dance fees from Defendants' customers.

39.     The tips and/or dance fees received by Plaintiff, FLSA Class Members, and Arizona Class Members were not included in Defendants' gross sales receipts.

40.     Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff, FLSA Class Members, and Arizona Class Members were employees of Defendants.

41.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

42.     In addition, Defendants instructed the dancers about when, where, and how they were to perform their work.

43.     The following further demonstrates the dancers' status as employees:

     a.    Defendants have the sole right to hire and fire the dancers;

     b.    Defendants require dancers to complete an employee application as a prerequisite to their employment;

     c.    Defendants made the decision not to pay wages or overtime;

     d.    Defendants provide the dancers with music equipment and a performing stage;

     e.    Defendants supervise the dancers;

     f.    Defendants require that dancers purchase their uniforms;

     g.    The dancers have made no financial investment with Defendants' business;

     h.    Defendants schedule dancers and as such have sole control over their opportunity for profit;

     i.    Defendants apply fines/fees to the dancers if they fail to follow Defendants' guidelines or directions; and

     j.    The dancers were hired as permanent employees and have worked for Defendants for years.

44.     Defendants misclassified Plaintiff, FLSA Class Members, and Arizona Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA.

45.     Plaintiff is not exempt from the overtime and minimum wage requirements under the FLSA.

46.     Although Plaintiff and FLSA Class Members are required to and do in fact frequently work more than forty hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty per workweek.  In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

47.     Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.  Defendants misclassified Plaintiff and Class Members with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

48.     Defendants' method of paying Plaintiff and the Arizona Class Members was in violation of the Arizona Minimum Wage Act and Arizona Wage Law and was willful and not based on a good faith and reasonable belief that its conduct complied with Arizona Law.

49.     Further, Defendants failed to keep adequate records of Plaintiff's and FLSA Class Members' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

50.     Federal law mandates that an employer is required to keep for three years all payroll records and other records containing, among other things, the following information:

　　　　　　　a.  The time of day and day of week on which the employees' work week begins;

b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e. The hours worked each workday and total hours worked each workweek;

f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g. The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i. The dates, amounts, and nature of the items which make up the total additions and deductions;

j. The total wages paid each pay period; and

k. The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

51.    Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiff and FLSA Class Members.   Because Defendants' records are inaccurate and/or inadequate, Plaintiff and FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## VI.    EQUITABLE TOLLING

52.    The doctrine of equitable tolling preserves a plaintiff's full claim when a strict application of the statute of limitations would be inequitable.  *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

53.    Equitable tolling is proper when an employer has engaged in misleading conduct.  Defendants intentionally misled Plaintiff and Class Members into believing that Defendants were not required to pay them minimum wage and/or overtime for hours worked in excess of forty hours per workweek.  Defendants coerced the Plaintiff, FLSA Class Members, and Arizona Class Members into believing that they were independent contractors.  Additionally, Defendants failed to place the necessary and required Department of Labor posters which inform workers of their rights. Consequently, Plaintiff, FLSA Class Members, and Arizona Class Members were victims of fraud and unable to ascertain any violation taking place.

54.    Thus, the statute of limitations for the Plaintiff, FLSA Class Members, and Arizona Class Members should be equitably tolled due to Defendants' fraudulent concealment of the Plaintiff's, FLSA Class Members' and Arizona Class Members' rights. Plaintiff therefore seeks to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

## VII.    CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

### (COLLECTIVE ACTION)

55.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

56.    Defendants' practice of failing to pay Plaintiff and FLSA Class Members time-and-a-half rate for hours in excess of forty per workweek violates the FLSA. 29

U.S.C. § 207.  In fact, Defendants do not compensate them whatsoever for any hours worked.

57.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or Plaintiff.

**COUNT II**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**FAILURE TO PAY THE MINIMUM WAGE**

**(COLLECTIVE ACTION)**

58.     Plaintiff incorporate all allegations contained in the foregoing paragraphs.

59.     Defendants' practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.  In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the tip credit provision under the FLSA as described above.

60.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

**COUNT III**

**VIOLATION OF ARIZONA MINIMUM WAGE ACT**

**FAILURE TO PAY MINIMUM WAGE**

**(CLASS ACTION)**

61.     Plaintiff and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

62.     Defendants' practice of willfully failing to pay Plaintiff and Arizona Class Members wages at the rate of the Arizona Minimum Wage violates the Arizona Minimum Wage Act. ARIZ. REV. STAT. ANN. § 23-363(A), (C).  In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the tipped-employee compensation provision under Arizona law as described above.

COUNT IV

VIOLATION OF ARIZONA WAGE LAW

FAILURE TO PAY WAGES DUE

(CLASS ACTION)

63.     Plaintiff and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

64.     Defendants' practice of willfully failing to pay Plaintiff and Arizona Class Members wages for labor performed violates Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-351(C).   In fact, Defendants do not compensate them whatsoever for any hours worked.

## VIII.   COLLECTIVE ACTION ALLEGATIONS

### A.     FLSA Class Members

65.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

66.     Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate.   That is, Plaintiff worked with other dancers who worked at Scores.   As such, Plaintiff has first-hand personal knowledge of the same pay violations at Scores for other dancers.   Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences as those described in this complaint.

67.     Other employees similarly situated to the Plaintiff work or have worked for Defendants' gentlemen's club business, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

68.     Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

69.     FLSA Class Members perform or have performed the same or similar work as Plaintiff.

70.     FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

71.     FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

72.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

73.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

74.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

75.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

76.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

77.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

78.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple

formula.  The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

79.    As such, Plaintiff bring their FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked for Defendants at any time starting <u>three years before this lawsuit was filed</u> up to the present.**

**B.    Arizona Class Action**

80.    Plaintiff and the Arizona Class Members incorporate all preceding paragraphs as though fully set forth herein.

81.    Plaintiff brings her Arizona wage claims as a Rule 23 class action on behalf of the following class:

> **The Arizona Class Members are all of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

82.    <u>Numerosity</u>.  The number of members in the Arizona Class is believed to be over forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Arizona Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Arizona Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Arizona Class and Defendants.

83.    <u>Typicality</u>.  Plaintiff's claims are typical of the Arizona Class because like the members of the Arizona Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Arizona Class. Defendants failed to pay non-exempt employees who worked at Scores overtime wages for

all of their overtime hours worked.  All members of the Arizona Class worked substantially more than eight hours in a day and forty hours in a workweek.  Plaintiff and the Arizona Class were likewise not paid minimum wage for all of their hours worked.  Plaintiff and the Arizona Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Arizona law.

84.    Adequacy.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Arizona Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Arizona law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Arizona Class she seeks to represent.

85.    Commonality.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.    Whether Plaintiff and the Arizona Class worked more than forty hours in a workweek;

b.    Whether Defendants failed to pay Plaintiff and the Arizona Class overtime wages for all hours worked over forty hours in a workweek; and

c.    Whether Defendants failed to pay Plaintiff and Arizona Class the minimum wage for all hours worked.

86.    The common issues of law include, but are not limited to:

a.    Whether Defendants improperly classified Plaintiff and the Arizona Class as independent contractors;

b.    Whether Plaintiff and the Arizona Class are entitled to compensatory damages;

c.    The proper measure of damages sustained by Plaintiff and the Arizona Class; and

d.    Whether Defendants' actions were "willful."

87.     Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Arizona Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Arizona Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

88.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Arizona Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identity of members of the Arizona Class is readily identifiable from Defendants' records.

89.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on the Defendants to prove it properly compensated its employees; and (3) the burden is on the Defendants to accurately record hours worked by employees.

90.     Ultimately, a class action is a superior forum to resolve the Arizona claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Arizona Class according to applicable Arizona laws.

91.     Nature of notice to be proposed.  As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Arizona class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.

## IX.   DAMAGES SOUGHT

92.     Plaintiff, FLSA Class Members, and Arizona Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

93.     Additionally, Plaintiff, FLSA Class Members, and Arizona Class Members are entitled to recover their unpaid overtime compensation.

94.     Plaintiff, FLSA Class Members, and Arizona Class Members are also entitled to all of the misappropriated funds.

95.     Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

96.     Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

97.     Plaintiff and Arizona Class Members are entitled to an amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages.  ARIZ. REV. STAT. ANN. § 23-364(G).

98.     Plaintiff and Arizona Class Members are entitled to treble the amount of wages unpaid under Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-355(A).

99.     As the District of Arizona has previously concluded, the treble damages provision set forth in ARIZ. REV. STAT. ANN. § 23-355(A) may be applied to treble a liquidated damages award received under the FLSA pursuant to this Court's supplemental jurisdiction. *Davis v. Jobs for Progress*, 427 F. Supp. 479, 483 (D. Ariz. 1976).

100.   Plaintiff and Arizona Class Members are entitled to recover attorney's fees and costs under ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G).

## PRAYER FOR RELIEF

101.   For these reasons, Plaintiff, FLSA Class Members, and Arizona Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.  All unpaid wages at the FLSA mandated minimum wage rate;

c.  All misappropriated funds;

d.  An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e.  An amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages pursuant to ARIZ. REV. STAT. ANN. § 23-364(G);

f.  An amount equal to treble the amount of wages unpaid under Arizona Wage Law and liquidated damages pursuant to ARIZ. REV. STAT. ANN. § 23-355(A);

g.  Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA and/or ARIZ. REV. STAT. ANN. § 23-364(G);

h.  Tolling of the statute of limitations;

i.  Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G);

j.  In the event Defendants fail to satisfy any judgment for Plaintiff with respect to the Arizona wage claims, an award that Defendants shall pay Plaintiff an amount which is treble the amount of the outstanding judgment with interest thereon at the then legal rate in accordance with ARIZ. REV. STAT. ANN. § 23-360; and

k.  Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Dated this 5th day of June, 2018.

1

2                                                      **KENNEDY HODGES, L.L.P.**

3
                                                       /s/ Galvin B. Kennedy
4                                                      Galvin B. Kennedy
                                                       (Will file for *pro hac vice* admission)
5                                                      gkennedy@kennedyhodges.com
                                                       Texas Bar No. 00796870
6                                                      4409 Montrose Blvd., Ste. 200
                                                       Houston, TX 77006
7                                                      Telephone: (713) 523-0001
                                                       Facsimile: (713) 523-1116
8

9
                                                       **Lead Attorney in Charge for Plaintiff**
10                                                     **and Class Members**

11

12    OF COUNSEL:

13
      William M. Hogg
14    (Will file for *pro hac vice* admission)
      Texas Bar No. 24087733
15    whogg@kennedyhodges.com
      KENNEDY HODGES, LLP
16    4409 Montrose Blvd., Ste. 200
      Houston, Texas 77006
17    Telephone: (713) 523-0001
      Facsimile: (713) 523-1116
18

19

20

21

22

23

24

25

26

27

28