Michael Taraska
4125 N. 7th Street
Phoenix, Arizona 85014
(602) 400-5885
taraska@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KWEN BRENNAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs.<br><br>vs.<br><br>NEW 4125 LLC d/b/a SCORES PHOENIX; 4125 LLC; CHEETAH OPERATIONS, LLC, and MICHAEL TARASKA, individually<br><br>Defendants. | NO. CV-18-1717-PHX-MHB<br><br>**MICHAEL TARASKA'S RESPONSE TO PLAINTIFF'S 12(b)(6) MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**<br><br>Oral Argument Requested |
| MICHAEL TARASKA, individually,<br><br>Counter-Claimant,<br><br>vs.<br><br>KWEN BRENNAN, individually and on behalf of all others similarly situated,<br><br>Counter-Defendants. | |

1

Defendant and Counter-claimant Michael Taraska ("Taraska") hereby files his RESPONSE and requests that this Court DENY Plaintiff's Motion to Dismiss ("MTD").

## SUMMARY

Taraska was sued <u>personally</u> by the Plaintiff and putative collective action claimants stating falsely and without basis that "Defendant MICHAEL TARASKA is an individual who resides in Illinois [false]. He is an owner of the corporate Defendants [false]" and that "Defendant MICHAEL TARASKA is the owner of the corporate defendants d/b/a/ Scores Phoenix [false]. As the owner of Scores Phoenix [false], Defendant TARASKA employed [false] the Plaintiff, FSLA Class Members, and Arizona Class Members as employees [all false] who danced for and entertained customers" and "controlled the nature, pay structure, and employment relationship [all false] of Plaintiff, FSLA Class Members, and Arizona Class Members [all false]". See Complaint page 4, allegation 15, lines 4-5 and page 5, paragraphs 27 and 29, lines 17-21 and 26-27.

Plaintiff further allege that Taraska "illegally classified dancers [false]" allegation 40; he "hired, fired, issued pay, disciplined, scheduled and performed, etc. [all false] associated with that of an employer [false] with regard to dancers" allegation 41; "instructed the dancers about when, where, and how they were to perform their work [all false]" allegation 42.

2

Plaintiff's complaint fails to allege a single truthful fact about Defendant TARASKA. Undersigned does not know where Plaintiff's lawyers obtained their information reflected in the filing of the false, baseless and wholly frivolous personal lawsuit against TARASKA, but they should at least have done basic research to for example, to know that TARASKA has not lived in Illinois for forty (40) years contrary to Paintiff's counsel's false allegatons.

As a result of Plaintiff's baseless, false and frivolous lawsuit, the "Corporate Defendants have terminated the contract with Taraska and terminated the business expectancy with Taraska by firing Taraska, from his position of general manger [which upon discovery by Plaintiff's counsel will find is in the position of corporate landlord insuring only that rents are paid and do not include any day to day duties and have not for over five years] and monetarily damaging Taraska and by depriving him of other economic benefits previously derived as general manager of the corporate defendants". See Michael Taraska's Answer and Counterclaim for Intentional Interference with Contract or Business Expectancy at page 3, paragraph 5, lines 8-13.

Taraska does not, for purposes of Opposing a 12(b)(6) motion have to "provide . . . <u>detail</u> about this alleged contact and/or business expectancy" [MTD at page 5, lines 8-9]; or "<u>detail or facts</u> about Plaintiff' knowledge of this alleged contract and/or business expectancy" [MTD page 5, lines 12-13]; or the "<u>reason</u> his business expectancy and/or contract with SCORES was terminated . . merely [but sufficient for Notice Pleading Standards] alleg[ing] that SCORES terminated the contract and business expectancy"

3

[MTD page 5, lines 19-21; or "provide an <u>explanation</u> as to why his contract and/or business expectancy was terminated" [MTD page 5, lines 22-23].

What Plaintiff's counsel has admitted, proffering these questions in their pending MTD is that they had no knowledge of the facts before making the allegations against Taraska in their Federal lawsuit. Plaintiff, by their own "detailed" pleading allegedly has all of the pertinent information to support any facts denied by Taraska in paragraphs 1-8 of his ANSWER.

What Plaintiff' MTD exposes, is that it is really a discovery "fishing expedition" because they do not know the true facts and simply threw Taraska in as a Defendant, allegedly disregarding the corporate entities and piercing of the corporate veils without even knowing Taraska's non-involvement and non-ownership with such entities.

It is the Plaintiff's claim against Taraska, not the other way around as Plaintiff's counsel alleges in their MTD at age 6, lines 13-16 which is "blatantly frivolous and retaliatory" which cost Taraska his position as alleged in the Counterclaim.

## 12(b)(6) LAW

"Dismissal is appropriate under Rule 12(b)(6), Ariz.R.Civ.Proc. **only** if as a matter of law the plaintiff would not be entitled to relief under **any** interpretation of the facts **susceptible** of proof". <u>Fid. Sec. Life Ins. Co. v. State Dept. of Insurance</u>, 191 Ariz. 222 (1998). "Courts will not grant a motion to dismiss unless it is certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the

4

claims stated". Sun World v. Pennysaver, Inc. 130 Ariz. 585, 637 P.2d 1088 (App. 1981). See also, e.g. Guerro v. Copper Queen Hosp., 112 Ariz. 14, 16-7, 537 P.2d 1329, 1331-32 (1975) (reversing the trial court's decision to grant a motion to dismiss and holding unless a complaint is so lacking that a defendant cannot understand "the basis for the claim and its general nature", a motion to dismiss is unwarranted; Mackey v. Spangler, 81 Ariz. 113, 115, 301 P.2d 126, 127-28 (1956) (affirming denial of a motion to dismiss: purpose of a complaint is to "give the opponent fair notice of the nature and the basis and indicate generally the type of litigation involved"); see also Swierkiewicz v. Sorema N.A., 534 U.S. 56, 512 (2002)(recognizing that a complaint must merely provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests").

Plaintiff's complaint easily meets this standard and should survive without the necessity for leave to amend.

## LEAVE TO AMEND

In an abundance of caution, Plaintiff, in the alternative asks this Court for leave to Amend. The Ninth Circuit has instructed District Courts to grant leave to amend when dismissing a case for failure to state a claim "unless the court determines that the pleading could not possibly be cured by the allegations of other facts". Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1997). There is a "long standing rule that 'leave to amend should be granted if it

appears at all possible that the plaintiff can correct the defect" Id. at 1129. See also <u>Dube v. Likins</u>, 216 Ariz. 406, 415, 167 P.3d 93, 102 (App. 2007) **requiring** that before a Trial Court grants a Rule 12(b)(6) motion to dismiss, the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defect.

If Plaintiff's counsel wants "more facts, reasons and explanations" underlying the allegations incorporating the basic notice pleading requirements under the Federal Rules which overcome a 12(b)(6) Motion, notwithstanding Plaintiff's allegedly have all of the specific facts supporting Taraska's alleged involvement [which in reality is not true] then undersigned will Amend the Counterclaim resulting only in further delay in Taraska being able to dispose of the plaintiff's frivolous lawsuit on summary judgment to clear his name.

Here, amendment will overcome any of the arguments by Plaintiff' counsel because all they are asking for is for Taraska to provide more "details", which as reflected in this Opposition can easily be done by Taraska himself.

## **CONCLUSION**

For all of the reasons set forth above, Defendants' Motion to Dismiss should be denied and the matter should be allowed to proceed through discovery upon which Plaintiff's counsel will educate themselves of the fact leading to summary judgment in favor of Taraska on which a more coherent and orderly determination can be made by the Court and not restricted by an Opposition to Plaintiff's Motion to Dismiss.

Respectfully Submitted this 15th day of November, 2018.


By /s/ M. Tar
Michael Taraska
Defendant and Counter-Claimant in pro per


### CRTIFICATE OF SERVICE

This is to certify that on November 15, 2018 a copy of the foregoing instrument was served upon all parties by first class U.S. Postal service to wit:

Gabriel A. Assaad
Kennedy Hodges, LLP
4409 Montrose, #200
Houston, Texas   77006
(Plaintiff's counsel)

Philip Whitaker, Esq.
STEGALL, KATZ & WHITAKER, P.C.
531 East Thomas Road, Suite 102
Phoenix, Arizona 85012
Attorneys for Defendants New 4125 LLC; 4125 LLC; Cheetah Operations, LLC

/s/
4125 Wages RTMTD 11.15.18

7