Gabriel A. Assaad (Admitted *pro hac vice*)
gassaad@kennedyhodges.com
KENNEDY HODGES, LLP
Texas State Bar No. 24076189
4409 Montrose Blvd., Ste. 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kwen Brennan, Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>New 4125 LLC d/b/a Scores Phoenix; 4125 LLC; Cheetah Operations, LLC; and Michael Taraska, Individually,<br><br>Defendants. | No. 2:18-cv-01717-PHX-DWL<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S 12(b)(6) MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM** |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
12(B)(6) MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM**

COMES NOW, Plaintiff Kwen Brennan, on behalf of herself and on behalf of all others similarly situated, ("Plaintiff") and files this Reply to Defendant's Response to Plaintiff's Motion to Dismiss under Rule 12(b)(6), and respectfully states as follows:

### I.   PROCEDURAL HISTORY

On June 5, 2018 Plaintiff Kwen Brennan filed a Collective and Class Action

Complaint against New 4125 LLC d/b/a Scores Phoenix; 4125 LLC; Cheetah Operations, LLC; and Michael Taraska individually under the Fair Labor Standards Act ("FLSA"). (Doc. 1). On September 17, 2008 Defendant Michael Taraska ("Defendant"), filed the following counterclaim against Plaintiff and future opt-in plaintiffs: Interference with Contract or Business Expectancy. (*See* Doc. No. 20). After conferring with Defendant, Plaintiff filed a Motion to Dismiss Defendant's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 10, 2018. (*See* Doc. 24). Defendant filed his untimely Response to Plaintiff's 12(b)(6) Motion to Dismiss Defendant's Counterclaim ("Response") on November 15, 2018 (*See* Doc. 35). Given the fact that Defendant filed his Response more than 3 weeks late without leave from the Court for an extension or conferring with Plaintiff's Counsel, Plaintiff filed a Motion to Strike his untimely Response on November 20, 2018. (*See* Doc. 38). In the event Defendant's Response is not stricken, Plaintiff files this Reply.

## II.  SUMMARY OF ARGUMENT

This Court should dismiss Defendant's counterclaim. Defendant failed to state a valid counterclaim for which relief can be granted and failed to respond to the issues raised by Plaintiff's 12(b)(6) Motion to Dismiss Defendant's Counterclaim ("Motion to Dismiss") in his Response. First, Defendant failed to respond to Plaintiff's Motion to Dismiss by refusing to show how he met the requirements of a claim for "Interference with Contract or Business Expectancy" (*See* Doc. 20). Second, dismissal of Defendant's counterclaim is appropriate since no interpretation of the facts provided could entitle him to relief. Third, the Court should deny Defendant's motion for leave to amend his counterclaim because

Defendant purposely ran afoul of this Court's Order discouraging 12(b)(6) motions (Doc.15); additionally, his counterclaim is futile. Finally, Defendant's counterclaim is wholly retaliatory in nature. For these reasons, Defendant's counterclaim should be dismissed with prejudice.

### III.   ARGUMENTS AND AUTHORITIES

**1.   Defendant failed to adequately and coherently respond to Plaintiff's 12(b)(6) Motion to Dismiss by meeting the pleading standards set forth in Rule 12(b)(6) and *Twombly/Iqbal*.**

Defendant failed to adequately respond to Plaintiff's Motion to Dismiss. Instead of a "short and plain statement" as required by Federal Rules of Civil Procedure 8(a), Defendant misnames the law under which Plaintiffs seek relief, mixes up the Parties, and leaves the reader wading through a plethora of distracting spelling and grammatical errors.

For example, Defendant consistently refers to the "FSLA" likely referring to the Fair Labor Standards Act or "FLSA." More alarming, Defendant appears to confuse the parties by referring to himself as "Plaintiff" halfway through his Response. (*See* Doc. 35, at 'Leave to Amend' ¶ 19 ("In an abundance of caution, Plaintiff, in the alternative asks this Court for leave to Amend" [likely referring to Defendant Michael Taraska]); Doc. 35, at 'Conclusion' ¶ 19 ("For all of the reasons set forth above, Defendants' Motion to Dismiss should be denied and the matter should be allowed to proceed through discovery upon which Plaintiff's counsel will educate themselves of the fact leading to summary judgment in favor of Taraska. . ." [likely referring to Plaintiff's Motion to Dismiss in first instance but is unclear as to the rest])).

Underneath the drafting errors and past the unnecessary recounting and refuting of

facts pled by Plaintiff, Defendant's response still falls short of the requirements expounded in *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, Defendant did not furnish facts to support each element of a claim for tortious interference with business expectancy.

### 2. Defendant's counterclaim fails to satisfy the required elements of a claim for tortious interference with business expectancy.

To state a claim for tortious interference with business expectancy, a plaintiff must allege (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, 871 F. Supp. 2d 905, 912 (D. Ariz. 2012). Defendant cannot meet these four requirements making dismissal of his counterclaim proper.

Under a reading most favorable to Defendant, he loosely refers to facts that may support the existence of a contract between himself and Corporate Defendants and satisfy the first element under Arizona law. However, he does not even attempt to show how Plaintiff could have known about that contractual relationship which the second element would require. In fact, since this litigation commenced, Defendant has maintained he does not know who Plaintiff is or that she ever stepped foot into Corporate Defendant's establishment. (*See* Exhibit A, Email from Mike Taraska on October 26, 2018 at 1:52 PM to Plaintiff's counsel and Phil Whitaker, "I told you previously, all of the Defendants

including myself and all of the management of the Defendants HAVE NO KNOWLEDGE of Kwen Brennan and a fortiori, have no knowledge that she ever worked in any capacity a SCORES.")

Therefore, by Defendant's own admission, the second element required to be proved for a valid claim for tortious interference with business expectancy cannot be proven based on the facts he pled. Defendant's counterclaim should be dismissed because he failed to meet at least one of the four required elements to state a claim for tortious interference with business expectancy.

> **3. The Court should deny Defendant's request for leave to amend because Plaintiff's counsel provided Defendant opportunity to cure defects in his pleader per Court Order Doc. No. 15.**

Plaintiff's Original Complaint was filed on June 5, 2018. (*See* Doc. No. 1). The Court issued and Order regarding motion to dismiss parameters on June 25, 2018. (*See* Doc. No. 15). The Order stated:

> IT IS ORDERED that a motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect can be cured by filing an amended pleading. Therefore, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided. . . In addition, parties shall endeavor not to oppose motions to amend that are filed prior to the Rule 16 Scheduling Conference. . ."

Defendant filed his Answer and Counterclaim for Intentional Interference with Contract or Business Expectancy on September 17, 2018. (Doc. No. 20). Shortly thereafter, Plaintiff's counsel sought to comply with the Court's Order and reached out to Defendant asking to, "set up a call to discuss the counterclaim [he] filed." (*See* Exhibit B, email from Plaintiff's counsel to Michael Taraska on October 1, 2018 at 11:16 AM). Not hearing back, Plaintiff's

counsel again emailed inquiring about when a good time was to discuss his counterclaim. (*See* Exhibit C, email from Plaintiff's counsel to Michael Taraska on October 3, 2018 at 9:35 AM).

Plaintiff's counsel and Defendant eventually coordinated a time to confer and spoke over the phone on Wednesday, October 3, 2018. Plaintiff's counsel asked whether Defendant Taraska would amend his pleading since it failed to state a claim among other shortcomings.(*See* Exhibit D, Declaration from Plaintiff's Counsel) Defendant informed Counsel over the phone that Plaintiff could go ahead and move to dismiss the counterclaim because his goal is to engage in lengthy motion practice to waste our firm's time and money. (*See* Exhibit D). Plaintiff's Counsel once again conferred with Defendant via email asking whether he would cure his deficient pleading. (*See* Exhibit E, email from Plaintiff's counsel to Michael Taraska on October 3, 2018 at 9:58 AM). Plaintiff's counsel made clear they would not oppose an amendment to the pleading but planned to file a motion to dismiss if his deficient pleading was not cured. (*See* Exhibit F, on October 4, 2018 at 2:14 PM). Instead of agreeing to amend his pleading, Defendant's actions directly conflicted with the Court's clear Order, and now requests this court grant him leave to amend his counterclaim. Ultimately, Defendant's actions have wasted this Court's valuable time and resources.

    **i.  Defendant's proposed amendment is futile.**

The liberal policy in favor of amendments, is subject to limitations. *Capitol Records, Inc. v. Weed*, No. 206-cv-01124-PHX-JAT, 2008 WL 1820667, at *2 (D. Ariz. Apr. 22, 2008). Leave to amend is not appropriate if " 'amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.' " *Madeja v.*

*Olympic Packers*, 310 F.3d 628, 636 (9th Cir.2002) (quoting *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F. 3d 1241, 1246 (9th Cir.1999)). Specifically, regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile…or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Defendant amending his counterclaim would not overcome the fundamental futility of his claim. Defendant fails to state a theory under which he may recover, his claim is futile, and leave to amend should not be permitted.

Plaintiff respectfully requests the Court deny Defendant's motion for leave to amend because Plaintiff complied with the Court's Order and Defendant seeks to employ dilatory tactics, elongate litigation, and further deny relief to Plaintiff.

**4.     Plaintiff reaffirms the position that Defendant's Counterclaim is frivolous and retaliatory.**

Plaintiff's discussed at length why they believe the Defendant's counterclaim is frivolous and retaliatory in their Motion to Dismiss and reincorporate those arguments herein. (*See* Doc. 24). For those reasons, Defendant's counterclaims should be dismissed with prejudice.

## IV.     CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's motion for leave to amend and dismiss with prejudice Defendant's Counterclaim for tortious interference with business expectancy pursuant to Rule 12(b)(6), and for all other and further relief to which they may be justly entitled in law or in equity.

Respectfully submitted,

**KENNEDY HODGES, L.L.P.**

/s/ Samantha J. Rodriguez
Gabriel A. Assaad
(Admitted *pro hac vice*)
gassaad@kennedyhodges.com
Texas Bar No. 24076189
Samantha J. Rodriguez
(Admitted pro *hac vice*)
Texas Bar No. 24078031
srodriguez@kennedyhodges.com
4409 Montrose Blvd., Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**Attorneys for Plaintiff and Class Members**

## CERTIFICATE OF SERVICE

This is to certify that on November 21, 2018 a copy of the foregoing instrument was served upon all parties via the Court's electronic case filing system. Further a copy of this document is being served via electronic mail to Defendant Michael Taraska at taraska@gmail.com.

/s/ Samantha J. Rodriguez
Samantha J. Rodriguez
