Philip B. Whitaker (011765)
**STEGALL KATZ & WHITAKER, P.C.**
531 East Thomas Road, Suite 102
Phoenix, Arizona  85012
Telephone:  (602) 241-9221
Facsimile:   (602) 285-1486
E-mail:  pwhitaker@skw-law.com

Attorneys for Defendants New 4125 LLC, dba Scores Phoenix; 4125 LLC; and Cheetah Operations, LLC

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Kwen Brennan, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**New 4125 LLC, dba Scores Phoenix; 4125, LLC; Cheetah Operations, LLC, and Michael Taraska,**<br><br>**Defendants.** | No. 2:18-cv-01717-PHX-DJH<br><br>**Reply to Motion to Set Aside Entry of Default**<br><br>**(Oral Argument Requested)** |

Defendants New 4125 LLC, dba Scores Phoenix; 4125, LLC; and Cheetah Operations, LLC hereby submit their Reply Memorandum to their Motion to Set Aside the Entry of Default pursuant to FRCP 55(c). The Response filed by the Plaintiff ignores service was invalid because the Order authorizing alternative service was never served. Indeed, it appears that Plaintiff's counsel quoted the Arizona Rule of Civil Procedure 4.1(k)(2) in its motion to allow substitute service, which <u>requires</u> that the Order allowing substitute service be served with summons and complaint, but then conveniently omitted it from the form of order submitted to the Court for approval. Then, Plaintiff's counsel refused to even mention substitute service was authorized in their numerous subsequent communications with Mike

Taraska. Plaintiff's counsel has the unbridled audacity to hide behind the form of order they submitted to the Court that contained different language than the substantive motion which the form of order accompanied. (Compare Plaintiff's filings on June 21, 2018, proposed Form of Order, referencing Docket filing No. 6, Mandatory Initial Discovery Pilot Order, with Motion for Leave of Court for Substitute Service at 3:20-27 – quoting to the Court the mandatory Arizona requirements for valid substitute service.)

Even now, faced squarely with this glaring omission, Plaintiff and her counsel basically disregard this **mandatory requirement**: " the serving party **must mail** the summons, the pleading being served, and **any court order authorizing an alternative means of service**." (Emphasis added). ARCP 4.1(k)(2). The failure to have followed the Arizona Rules of Civil Procedure for substitute service means this Court never obtained jurisdiction and therefore the entry of default needs to be set aside.

The legal requirements for substitute service are not in dispute. On June 21, 2018, the Plaintiff moved the Court to allow substitute service and advised the Court that it was required to include the Court order authorizing substitute service with the summons and complaint. It is not disputed the Plaintiff failed to do so, despite her clear acknowledgment that she was required to do so. As such, the Plaintiff fails to meet her burden of establishing service was valid under Rule 4. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004).

The Plaintiff seeks to evade the lack of service by claiming Mike Taraska knew of the lawsuit. However, Mike Taraska knew service by mail was improper, and he pointed this out to Plaintiff's counsel. Yet, Plaintiff's counsel never, ever, informed him they had

2

been authorized to serve by mail. [See, Mike Taraska Declaration filed on November 6, 2018 ("Taraska Declaration") at ¶¶ 8-14.] Had Mike Taraska been advised substitute service was authorized, a timely answer or other responsive pleading would have been filed on behalf of the Defendants, just as Mike Taraska filed an Answer on his own behalf.

Plaintiff then doubled down on the bad faith by refusing to advise Mike Taraska she had sought default against the corporate Defendants. [See, Taraska Declaration at ¶¶ 17-21.] Plaintiff has ignored the entire crux of the Motion to Set Aside Entry of Default, which focuses on the lack of valid service. Absent proper service, no jurisdiction exists. The three factor test cited by the Plaintiff does not apply when no jurisdiction existed in the first place. Even so, the factors support vacature; Defendants acted promptly after learning default was entered, and when a plaintiff never worked for the defendants, a meritorious defense certainly is raised. Finally, no prejudice has even been mentioned by the Plaintiff.

The procedural requirement of service of the summons must be satisfied before a federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987), superseded by statute on other grounds; *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Accordingly, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P.4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987). BMO Harris Bank, N.A. v. Guthmiller, 2014 U.S. Dist. LEXIS 78844, *3-4 (D. Az.).  See also, *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.,* 2006 U.S. Dist. LEXIS 42414, 2006 WL 1722314 (D. Az.)

3

(failure to properly serve business entity under ARCP 4.1 renders no jurisdiction).

The Plaintiff then misleads the Court by accusing the Defendants of sitting on their hands. To the contrary, the Defendants did not learn of the default because Plaintiff's counsel, being in contact with Mike Taraska  (see Response at 6:19, "Here, the Parties had been in contact for months"), never advised him of the default application or entry by the Clerk!  Mr. Whitaker was retained quickly after Mike Taraska learned of the entry of default after he received a copy in the mail from the Clerk, and Mr. Whitaker promptly wrote three letters asking that the Plaintiff stipulate to set it aside in light of the invalid service.

Mr. Whitaker first wrote on Monday, October 22, 2018, but received no response. He wrote again on Wednesday, October 24, 2018, and received a response on Monday, October 29, 2018. Mr. Whitaker sent another letter that same day asking Plaintiff to reconsider – but, once again, received no response.  [See Affidavit of Philip Whitaker at ¶¶ 2-5.]  The Motion was filed a week later on Tuesday, November 6, 2018 – hardly a dilatory position.

A remarkable stance by the Plaintiff is her steadfast refusal to identify herself or the dates she allegedly worked at SCORES. Repeated written requests for this information have been made, yet for some unknown reason, they refuse to disclose her identity. Indeed, they are taking the position they have no obligation to do so absent formal discovery. [Response at 10:3-25.]  The Plaintiff is required to provide sufficient notice to the Defendants under Federal Civil Procedure Rule 8. Assuming the Court vacates the entry of

default and assuming the Defendants are properly served, a Motion to Dismiss under Rule 8, among other grounds as well, will be filed.

Note the Complaint fails to provide any information about the Plaintiff aside from her alleged name. The refusal to provide this basic information, in light of the Defendants' unsuccessful efforts to locate a single record about a Kwen Brennan, reeks of bad faith and a sham lawsuit.

The Complaint alleges she worked at SCORES but lives in Colorado; the Complaint fails to state the dates of her alleged employment in Arizona. She implicitly concedes she worked as an independent contractor who was paid solely from tips. But she deliberately refuses to state when she allegedly worked at SCORES. Given that the Defendants have no record of her, whatsoever, the bare bones Complaint fails to place them on adequate notice. It is impossible to defend or to respond to the allegations without this basic information. This is especially true given her counsel's adamant refusal to disclose any information about their client, whatsoever. Indeed, it is somewhat hard to believe that a person who apparently has organized "eco-feminist witch theater groups" in Colorado was working as an "exotic dancer" in Phoenix, Arizona. [See, *e.g*, https://www.wherevent.com/detail/Kwen-Brennan-Allied-Witches-2012.]

Because service was ineffective, this Court lacked jurisdiction to enter default. Vacature of the Entry of Default therefore is respectfully requested.

///

///

5

Respectfully submitted this 27th day of November, 2018.

**STEGALL, KATZ & WHITAKER, P.C.**


By: _____/s  Philip B. Whitaker_____
      Philip B. Whitaker (011765)
      531 East Thomas Road, Suite 102
      Phoenix, Arizona   85012
      Telephone:  602-241-9221
      Email:  pwhitaker@skw-law.com
      Facsimile:  602-285-1486
      Attorneys for Defendants New 4125 LLC,
        dba Scores Phoenix; 4125 LLC; and
        Cheetah Operations, LLC

## **CERTIFICATE OF SERVICE**

This is to certify that on the 27th day of November, 2018, a copy of the foregoing instrument was served upon all parties via the Court's electronic case filing system and via regular United States mail:

Gabriel A. Assaad, Esq.
KENNEDY HODGES, LLP
4409 Montrose Boulevard, Suite 200
Houston, Texas  77006
Email: gassaad@kennedyhodges.com
Attorney for Plaintiff and Class Members

Michael Taraska
4125 North 7th Street
Phoenix, Arizona   85014
Defendant


By: _____/s/  Tara Contessa_____