Philip B. Whitaker (011765)
**STEGALL KATZ & WHITAKER, P.C.**
531 East Thomas Road, Suite 102
Phoenix, Arizona  85012
Telephone:  (602) 241-9221
Facsimile:   (602) 285-1486
E-mail:  pwhitaker@skw-law.com

Attorneys for Defendants New 4125 LLC, dba Scores Phoenix; 4125 LLC; and Cheetah Operations, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Kwen Brennan, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**New 4125 LLC, dba Scores Phoenix; 4125, LLC; Cheetah Operations, LLC, and Michael Taraska,**<br><br>**Defendants.** | No. 2:18-cv-01717-PHX-DJH<br><br>**Reply to Motion to Dismiss and Alternative Motion for More Definite Statement**<br><br>(Oral Argument Requested) |

Defendants New 4125 LLC, dba Scores Phoenix; 4125, LLC; and Cheetah Operations, LLC (collectively, the "Corporate Defendants") hereby submit their Reply Memorandum.

**A.     The Plaintiff Failed to Timely Serve the Complaint.**

There is no question that the Complaint was not served on time. While it is true that Michael Taraska was aware of the Complaint against himself and the Corporate Defendants, it also is true that Mr. Taraska consistently questioned service via mail upon the Corporate Defendants. [See, Docket No. 34-1, M. Taraska Declaration to Response, Exhibit 1, p. 3, "I received by mail...Please verify the above. Has the Summons and Complaint been served?"]

1

The Plaintiff directly was advised her attempted service by mail was performed improperly because the Plaintiff failed to include a copy of the Order authorizing service and because she refused to advise Mr. Taraska of the Order when he directly asked about service. The Plaintiff ignored these objections and refused to correct the error. [Docket No. 34-1, 2, Motion to Set Aside Default, Declarations of Mike Taraska at ¶¶ 8-9, 11-14, and Philip Whitaker at ¶¶ 2-3, 5.] This Court agreed the attempted service by mail did not comply with legal requirements and ordered service to be performed correctly. [Docket #45.]

The Response seeks to re-litigate her failed plea that the original attempt at service was valid; this Court already rejected that argument. [See Docket No. 48, Response, at pp. 4-7, and compare with Docket No. 36, Response to Set Aside Default Judgment at pp. 2-8.] It is established that service was not achieved, which is why she was required to re-mail the pleadings, Summons, and the Order authorizing substitute service.

Plaintiff agrees the deadline for service was September 3, 2018 and that valid service by mail was not obtained until, at the earliest, February 5, 2019. [Docket No. 13, Motion for Leave of Court for Substitute Service, at ¶¶ 21, 23-24; Docket No. 48, Response to Motion to Dismiss at 3:10-13.] It also is beyond question that the Plaintiff never sought to extend the deadline for service. The Plaintiff argues this Court extended the time for service. [Docket 48, Response, at 9:20-10:10.] This is not accurate. No order was entered extending the date for service; the only order was one requiring proper service to be effected. No request to extend time for service was made, either.

Any prejudice is due to her own conduct, and solely due to her own conduct. The Corporate Defendants did not lull her into complacency or mislead her. They did not do anything other than consistently object to her failed attempt at service because she had not included the Order authorizing substitute service and had simply refused to advise Mr. Taraska of the existence of the Order.

Long-entrenched maxims bar a party from complaining about situations they themselves created; they are known nationwide and are utilized in numerous concepts, including errors at serious criminal trials by a party that prejudice that same party. *See, e.g.*, *State v. Prince*, 226 Ariz. 516, 532 ¶ 47 (2011) (defendant who chooses to not testify "cannot now be heard to complain"); *State v. Anderson*, 210 Ariz. 327, 337, ¶ 17 (2005) (by failing to object before trial, the defendant "seeks to have his cake and eat it, too"); *State v. Rushton*, 172 Ariz. 454, 456 (App. 2002) (defendant who did not object to indictment "simply gambled and lost and cannot now be heard to complain"). See also, *Daniels v. United States*, 2 A.3d 250, 262 (D.C. App. 2010) (Defendant cannot complain of situation created at trial); *Electronic Funds Solutions, LLC v. Murphy*, 134 Cal.App. 4th 1161, 1182 (Ca. App. 2005) (A wrongdoer cannot complain if his or her conduct creates a situation in which the Court must estimate rather than compute damages); *State v. Martinez-Rodriguez*, 33 P.3d 267, 280, 131 NM 47, 60 (party cannot complain of prejudice at trial created by his own remarks); *Ryan v. Volpone Stamp Co.*, 107 F.Supp.2d 369 (SDNY 2000) (cannot complain of hardship which it largely is responsible for creating). And s*ee*, *King v. Ransburg*, 39 NE.2d 822, 711 Ind. App. 523, 534-35 (App. Ind. 1942) (the party who

3

created the situation cannot complain).

The focal point is whether the Plaintiff can show good cause for her failure, as set forth in FRCP 4(m). Good cause simply does not exist – the Plaintiff refused to correct the problem. Indeed, the Plaintiff simply refused to tell Mr. Taraska she had an Order allowing substitute service despite his rather direct inquiry and rejected cooperation requests from the counsel for the Corporate Defendants. [See Affidavit of Philip B. Whitaker, attached as Exhibit B to the Motion to Set Aside Entry of Default.] [Docket #34, Exhibit 2.] Ms. Brennan decided to take a gamble – hoping this Court would overlook or excuse her adamant refusal to follow Arizona law. Now she seeks to avoid the consequences of her deliberate choice.

The Plaintiff claims she made a good faith effort because she complied with the Order. [Docket 48, Response, at 10:11-18.] However, the Plaintiff submitted the form of Order which did not contain Arizona requirements even though she had advised the Court of these requirements! [Docket No. 13 at 3;20-27; Docket No. 13-1, form of Order.] To make matters worse, the Plaintiff refused to advise Mr. Taraska that she had obtained an Order allowing substitute service, and then tried to take full fledge advantage of her games by obtaining an entry of default without advising Mr. Taraska. [Docket No. 22.]

In deciding whether to extend the prescribed time period for service of a complaint, a Court must extend the time period upon a showing of good cause, or, when good cause is lacking, "the court has discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *Matasareanu v. Williams*, 183 F.R.D.

4

242, 245-46 (C.D. Cal. 1998) (interpreting the good cause provision of Rule 4(m)). Good cause has been defined, "at a minimum," as "excusable neglect." *Elec. Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992) (applying this definition to Rule 4(m)'s predecessor, Rule 4(j)).

Although Mr. Taraska had actual notice and prejudice will be suffered by the Plaintiff, the Plaintiff "made her bed"; she deliberately proposed a form of Order to the Court that omitted a key Arizona requirement and then refused to advise Mr. Taraska of the Order. This is hardly a shining example of good faith. She sought to take advantage of her non-compliance by obtaining a default and then doubled down on her improperly obtained leverage by refusing to vacate the default even though she knew she had failed to comply with plainly clear Arizona service of process requirements.

Not a single aspect of the Plaintiff's behavior in this regard suggests good faith. Having "made her bed," the Corporate Defendants respectfully submit she should "sleep in it." She refused to extend any courtesies or to show good faith; the delay and prejudice all arise from her own game playing. These circumstances amount to nothing more than carelessness, and as explained in *Johnson v. Mammoth Recreations*, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." 975 F.2d 604, 607-08 (9th Cir. 1992) (discussing good cause in the Rule 16(b) context). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138,

STEGALL KATZ & WHITAKER, P.C.
531 EAST THOMAS ROAD, SUITE 102
PHOENIX ARIZONA 85012
TELEPHONE NO 602-241-9221
FACSIMILE 602-285-1486

141 (D. Me. 1985). If that party was not diligent, the inquiry should end." *Johnson, supra*, at 609.

The Corporate Defendants therefore respectfully request that the Complaint be dismissed for failure to have been served on time.

**B.     The Complaint Does not Provide Adequate Notice and Plaintiff's Declaration Undercuts Her Conclusory Allegations.**

Perhaps the best argument showing how and why the Complaint is inadequately plead is seen by viewing the Declaration of the Plaintiff herself. [Docket 49-2.]  A fairly recent unpublished order by Senior Judge McNamee is almost directly on point. *Tijerino v. Stetson Desert Project LLC,* 2017 U.S. Dist. LEXIS 150438 (D. Ariz. June 21, 2017).

Kwen Brennan's Declaration is notable for what it provides and for what it omits. For instance, it alleges generalized dates when she worked at Score's (between December 2017 and April, 2018) but provides only six specific dates.  It appears she worked a few hours on six days spread over five months.

She attached text messages with someone named Jason who states he was the floor manager. These messages show that in late January, 2018, Jason reached out to the Plaintiff, and the Plaintiff indicated on January 24, 2018, "Hoping to come in again soon, but not sure when. I can probably do Sun & possibly Thurs next week."

In addition, when he texts her on January 24, 2018, and says "Haven't seen ya in a while . . .," she says "Great to hear from you." She then explains she is "back to school" and is "busy with that." This suggests she has not been at Scores for some time prior to January 24, 2018. He texts her on January 31, "Miss you!"  She says, "I miss u too hon howru?"

6

This suggests she was not there at all in January, 2018.

When Jason asks Kwen Brennan on February 15, 2018, "Can you come in today??" She responds, "I will be sure to come in on Thurs, although today won't work." She also responds, on February 15, 2018 that "yay it's been too long!" Notably, the prior text message between the Plaintiff and Jason was January 31, 2018.

Ms. Brennan's Declaration undercuts a *prima facie* showing that she qualifies as an employee. Her Declaration shows Score's had zero control over her, that she set her time when she would work, and she would work only on occasion, when it suited her. She did not depend upon Scores for her livelihood. This is not the framework of an employee relationship.

The Fair Labor Standards Act ("FLSA") defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* at § 203(d). Employees are those "who as a matter of economic reality are dependent upon the business to which they render service." *Real v. Driscoll Strawberry Associates, Inc.*, 603 P.2d 748, 754 (9th Cir. 1979) (quoting *Bartels v. Birmigham*, 332 U.S. 126, 130, 67 S. Ct. 1547, 91 L. Ed. 1947, 1947-2 C.B. 174 (1947)). Whether an individual is an employee or an independent contractor for purposes of the FLSA is a question of law. *Tijerino v. Stetson Desert Project LLC,* 2017 U.S. Dist. LEXIS 150438, *4.

As explained in *Tijerino*, which is a FLSA case against an erotic entertainment club in Phoenix, the purpose of the Fair Labor Standards Act is to protect employees "who as a

matter of economic reality are dependent upon the business to which they render service (quotations omitted)." The Plaintiff's text messages attached to her Declaration belie any such dependency. Instead, they show she had no need to work at Scores, and did so only occasionally and only when it suited her. The text messages show no control over her, and no permanence in the relationship. As was decided in *Tijerino*, these facts tilt decidedly against the Plaintiff in the FLSA analysis, and like in *Tijerino*, should result in dismissal.

The Plaintiff has filed a very serious class action lawsuit based upon mere conclusory allegations, but her Declaration shows that she does not even satisfy the basic, most important factors to argue in good faith she might be construed to be an employee. See, e.g.,*Tijerino,* under "Consideration of all factors," and "Conclusion." Her Declaration is inconsistent with her conclusory allegations that she was an employee for purposes of FLSA. In light of her Declaration, the Complaint's legal conclusion fails to "state a claim that is plausible on its face." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009). The Corporate Defendants respectfully ask the Court to dismiss the Complaint.

Should the Court grant leave to amend by providing factual allegations to establish a *prima facie* case, missing from the Declaration are scads of pertinent information needed to defend against this claim. By way of example, exactly what dates and times did she work at Scores, what other clubs did she work in during this same general time frame (her refusal to work Friday and Saturday nights suggests she was working at higher paying clubs on weekends), what other income sources and jobs did she have, when and where was she attending school, and what is the number and issuance date of her erotic entertainer card

with the City of Phoenix? All of this information is directly germane to her alleged status as an employee under FLSA and should be disclosed immediately to face a Motion to Dismiss, consistent with the ruling in *Tijerno*, or the Court may require a More Definite Statement. *Cf., McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (a District Court may "require such detail as may be appropriate in the particular case").  This Court has wide discretion to require additional factual allegations, especially when the Plaintiff's own Declaration is incongruent with factual allegations necessary to establish a *prima facie* case of employment.  *McHenry, supra*.

Should the Court dismiss the Complaint and grant leave to amend, or direct the Plaintiff to provide a More Definite Statement, the Corporate Defendants respectfully request that the Court require the following information be pled by the Plaintiff to enable the Court to determine, at the outset, whether the case should even proceed in light of the ruling in *Tijerino*:

1. The specific dates and times Kwen Brennan allegedly worked at Scores in Phoenix, Arizona;

2. The specific dates and times Kwen Brennan worked at other clubs in Phoenix during the same general time period in which she was working Scores in Phoenix, Arizona;

3. Whether she has copies of any document or documents establishing she worked at Scores in Phoenix, Arizona, and if so, to identify the documents;

4. The role or roles she had while working at Scores in Phoenix, Arizona;

5. The date her Erotic Entertainer's license was issued by the City of Phoenix, and the ID number on her dance card;

6. The identity of the supervisors under whom she allegedly worked at Scores in Phoenix, Arizona;

7. Her sources of incomes and other jobs during the same general time period in which she was working Scores in Phoenix, Arizona; and

8. When and where was the Plaintiff attending school during the same general time period in which she was working Scores in Phoenix, Arizona.

To loosely repeat the Motion to Dismiss, the Defendants should not be compelled to deny the allegations and incur staggering legal costs when facing volumes of discovery in a class action lawsuit when her own Declaration shows that she does not qualify as an employee under FLSA.

Alternatively, the Corporate Defendants respectfully urge the Court to waive its "one summary judgment motion" procedural rule, and allow them to immediately file a Motion for Summary Judgment on the issue whether the Plaintiff is an employee under the FLSA, without waiving their right to subsequently file a second Motion for Summary Judgment should the first Motion be denied.

**C.   Conclusion.**

The Corporate Defendants respectfully submit that since the Complaint was not served within 90 days due to the Plaintiff simply refusing to follow Arizona law (ARCP 4.1(k)(2)), refusing to cooperate with counsel, and failing to have ever asked for any kind

10

of extension, dismissal without prejudice is proper.

The Defendants also respectfully request that should the Court extend the time for service, that the Complaint be dismissed for failing to provide the Defendants with a valid claim showing she may be entitled to relief, and alternatively, that the Court order a More Definite Statement, or allow the Corporate Defendants to file a Motion for Summary Judgment.  The Defendants urge the Court to require the Plaintiff to allege the factual material set forth above because her own Declaration shows she fails to establish her status as an employee under FLSA.

Respectfully submitted this 6th day of March, 2019.

**STEGALL, KATZ & WHITAKER, P.C.**

By: /s/ Philip B. Whitaker
Philip B. Whitaker (011765)
531 East Thomas Road, Suite 102
Phoenix, Arizona   85012
Telephone:  602-241-9221
Email:  pwhitaker@skw-law.com
Facsimile:  602-285-1486
Attorneys for Corporate Defendants

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of March, 2019, a copy of the foregoing instrument was served upon all parties via the Court's electronic case filing system and via regular United States mail:

Gabriel A. Assaad, Esq.
KENNEDY HODGES, LLP
4409 Montrose Boulevard, Suite 200
Houston, Texas  77006
Email: gassaad@kennedyhodges.com
Attorney for Plaintiff and Class Members

Michael Taraska
4125 North 7th Street
Phoenix, Arizona   85014
Defendant


By: _____/s/  Tara Contessa_____